IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER DON MARCOON, #201504333                                    PETITIONER

VS.                                              CIVIL ACTION NO.  3:15cv781-CWR-FKB

SHERIFF BRYAN BAILEY[1]                                           RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [13]. In a filing [16], Petitioner acknowledges that he has received the Motion [13] and states that he has mailed a response. However, no response by the Petitioner has been docketed in this case. The Respondent argues that the Petition, filed pursuant to 28 U.S.C. § 2241, should be dismissed with prejudice for mootness and failure to state a claim, or, alternatively, without prejudice for failure to exhaust state remedies with regard to Marcoon's challenge to his bail. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action should be dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed this action on September 11, 2015, pursuant to 42 U.S.C. § 1983. *See Marcoon v. Rankin County Circuit Court and Jail*, Civil Action No. 3:15cv662-DPJ-FKB. In that complaint, Marcoon (1) asserted claims regarding the conditions of his confinement at the Rankin County Jail, located in Brandon, Mississippi; (2) challenged the lack of access to counsel

---

[1] By previous Order [11], the Court removed the Rankin County Circuit Court, Rankin County Jail, Rebecca Boyd, Lieutenant James Rutland, and Amanda Thompson as Respondents. Accordingly, the sole remaining Respondent is Sheriff Bryan Bailey.

and to the judicial system to pursue defense of his criminal charges; and (3) challenged his lack of access to a lawyer or to the court to obtain reduction in his bond.  After initial review, the Court construed the action as one asserting both *habeas corpus* and § 1983 claims.  *Id.* at [9].  Accordingly, on October 29, 2015, the Court severed the claims brought pursuant to *habeas corpus* and separately filed them in this matter, Civil Action No. 3:15cv781-CWR-FKB.  Marcoon's § 1983 claims remain pending in Civil Action No. 3:15cv662-DPJ-FKB, and the Court has scheduled an omnibus hearing on September 28, 2016, in that action.  *See* Order [37], Civil Action No. 3:15cv662-DPJ-FKB.

After Marcoon's *habeas corpus* claims and § 1983 claims were severed, the Court in the present action entered an Order [8] requiring Petitioner to refile his *habeas corpus* claims on a 28 U.S.C. § 2241 form petition.  On November 16, 2015, the Court received and filed Marcoon's Petition [10].  In his Petition, he alleges that he is a pretrial detainee being held on worthless check or false pretense charges. [10] at 1; *see also* Indictment, [13-1] at 1.  Rather than limiting his claims to those seeking *habeas corpus* relief, Marcoon also restates his § 1983-based claims against Rankin County officials in his Petition. [10] at 6-8.  More specifically, Marcoon alleges the following grounds for relief in this § 2241 action, summarized as follows:

> Ground One:  Petitioner is entitled to an initial appearance and arraignment.  He is entitled to appointment of an attorney, legal materials, and legal services to research his charges.
>
> Ground Two:  Petitioner is entitled to a safe, sanitized, orderly environment, where the temperature is better regulated, and his life is not in danger from hostile inmates and staff members.
>
> Ground Three:  Staff is slow to react to violent situations, and they delay or deny medical care.
>
> Ground Four: The staff censors incoming and outgoing mail, including legal mail

and legal research.

*Id.* Marcoon asserts that the system is stacked against "an indigent inmate who can't afford his own lawyer nor afford to make the high bonds that are normal for this county." *Id.* at 7. As additional relief, he requests that he be released on a personal recognizance bond with an ankle monitor, pending his trial in Rankin County Circuit Court. *Id.* He also seeks money damages for lost wages and to repay his college grants and loans. *Id.* Marcoon does not allege that he has attempted to exhaust remedies in state court, nor has he attached to his Petition any documentation of his attempts to exhaust his remedies in state court. Instead, he alleges that he has presented grievances to the Rankin County Circuit Clerk, sheriff's deputies, Sheriff Bryan Bailey, and Mississippi Attorney General, Jim Hood. [10] at 2-3.

As stated above, Respondent filed a Motion to Dismiss [13] in response to the Petition. The State first asserts that the Petition should be dismissed for failure to state a claim upon which relief can be granted because, it argues, Marcoon has not alleged a deprivation of a right secured to him by the Constitution or the law of the United States. Alternatively, the State argues that some of his claims should be dismissed because they challenge his conditions of confinement and are more properly brought pursuant to 42 U.S.C. § 1983. Finally, to the extent that Marcoon asserts that he has been denied legal services and court services, the State argues that these allegations are moot.

DISCUSSION

A. Grounds Two, Three, and Four

The Court first addresses Petitioner's claims in Grounds Two, Three and Four. Because these claims merely restate the conditions of confinement claims he originally asserted in

*Marcoon v. Rankin County Circuit Court*, Civil Action No. 3:15cv662-DPJ-FKB, and which are currently pending in that civil action, the claims in Grounds Two, Three and Four should be dismissed from this action without prejudice. Marcoon's § 1983 claims remain pending in Civil Action No. 3:15cv662-DPJ-FKB, and the Court has scheduled an omnibus hearing on September 28, 2016, in that action. *See* Order [37], Civil Action No. 3:15cv662-DPJ-FKB.

### B. Ground One

In his first ground for relief, Petitioner alleges that he has been denied an initial appearance or arraignment, access to an attorney, legal materials, legal services, and court services. To the extent that he seeks to "attempt to force the state to go to trial," that request is a form of *habeas* relief which can be sought by a pretrial detainee. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)(recognizing also that "the requirement of exhaustion of state remedies still must be met."). The Respondent asserts that these claims are now moot because Marcoon has been indicted,[2] he has been arraigned, and counsel has been appointed for him. *See* [13-1], [13-2]. Furthermore, according to the State, a trial date of March 28, 2016, was set for his criminal charges. [13-2].

The Supreme Court has held that the case-or-controversy requirement of Article III "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (quoting *Flast v. Cohen,* 392 U.S. 83, 95 (1968)). The doctrine of mootness ensures that federal courts are presented with issues that they

---

[2]Marcoon has been indicted on four counts of false pretenses in violation of Miss. Code Ann. § 97-19-55, one count of attempted false pretenses in violation of Miss. Code Ann. § 97-19-55, and as a habitual offender pursuant to Miss. Code Ann. § 99-19-81. [13-1].

have the ability to resolve. *Geraghty*, 445 U.S. at 396–97. A case becomes moot "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

In this case, it appears that some of Petitioner's claims in Ground One are moot because the relief he seeks– indictment, arraignment, and access to legal services or an attorney – has been granted. As asserted by the State, and not disputed by Petitioner, he has been indicted, he has been arraigned, and counsel has been appointed for him. Accordingly, the claims based on his "attempt to force the state to go to trial" are moot, and should be dismissed.

Finally, to the extent that Marcoon is alleging a denial of access to the courts, it appears that he has alleged that claim pursuant to 42 U.S.C. § 1983 in his Civil Action No. 3:15cv662-DPJ-FKB. According, that claim is hereby dismissed without prejudice from this action.

## C.  Reduction in Bond and Release Pending Trial

Finally, in his request for relief, Marcoon asks the court to force the jail administration to release him on a personal recognizance bond with an ankle monitor. Although he does not specifically ask for his bond to be lowered in his request for relief, he also complains of the "high bonds" in Rankin County and complains of lack of "bond reduction opportunities." [10] at 7. According to documents submitted by the State, Marcoon's bond was set at $10,000. [13-3].

Having reviewed the filings, the Court finds that Marcoon has failed to exhaust his state remedies regarding challenges to his bond. Regardless of how Plaintiff's claims for habeas relief are characterized, he is required to exhaust his state court remedies prior to pursuing federal habeas corpus relief. *See Dickerson v. Louisiana,* 816 F.2d 220, 228 (5th Cir.1987) (holding pre-trial inmate pursuing relief under § 2241 is required to exhaust state court remedies). In order

to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 840 (1999).

In this case, Petitioner's filings do not indicate that he has exhausted any of his claims related to his bond.  The Respondent asserts, furthermore, that the docket of his state criminal case does not reflect any challenges to his bond and that he has not filed any such challenge in the Mississippi Supreme Court.  Therefore, these claims should be dismissed without prejudice. *See Dickerson,* 816 F.2d at 225 (finding "federal courts should abstain from the exercise of [ ] jurisdiction" over pre-trial habeas petition "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"); *see also Richards v. Mississippi*, 2012 WL 3027952 (S.D. Miss. July 24, 2012)(Reeves, J.)(dismissing pre-trial detainee's claims for *habeas corpus* relief based on his failure to exhaust state court remedies).

Alternatively, the Court finds that Marcoon fails to allege the deprivation of a constitutional right related to his bond. *Habeas* relief cannot be had absent the allegation by a petitioner that he has been deprived of some right secured to him by the United States Constitution or laws.  *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Accordingly, Marcoon has failed to state a claim for *habeas* relief based upon his bond.

## CONCLUSION

Therefore, based on the foregoing analysis, the Court finds that Respondent's Motion to Dismiss [13] should be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED, this the 1st day of August, 2016.

          /s/ F. Keith Ball
         UNITED STATES MAGISTRATE JUDGE